IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2019 NOV 22 A 11:16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JAMES ROBINSON
            PLAINTIFF
    V.                          CASE NO. 2:19-CV-922-WHA-CSC
KAYE IVEY - GOVERNOR            (TO BE INSERTED BY CLERK)
STEVE MARSHALL - ATTORNEY GENERAL
LARRIE ELLIS MCCOLLUM
GARY L. WILLFORD
AL BUTLER
JEFFERSON S. DUNN
ALCORNELIA TERRY
CHARLES GRADDICK
A. BLACK
LYNN HEAD

        42 USC SEC. 1983 CIVIL RIGHTS COMPLAINT
        FEDERAL DECLARATORY RELIEF AND DAMAGES
        AS SPECIFIED FOR NAMED DEFENDANTS

    JURISDICTION OF FEDERAL COURT EXISTS UNDER 28 U.S.C.
SEC. 1331.
    JURISDICTION UNDER FEDERAL CIVIL RIGHTS STATUTES 28 U.S.C
SEC. 1343 AND 42 U.S.C SEC. 1983.

1.

DECLARATORY RELIEF IS SOUGHT PURSUANT TO 28 U.S.C. SEC(S) 2201 AND 2202

I.  JAMES ROBINSON PLAINTIFF IS NOT PRECLUDED IN THAT NO STATE PROSECUTION IS PENDING AND ROBINSON A FEDERAL PLAINTIFF PROVIDES TO THIS COURT A GENUINE THREAT EXIST OF ENFORCEMENT OF A DISPUTED STATE CRIMINAL STATUTE, AND ALABAMA'S CONSTITUTION 1901 ROBINSON'S ATTACK IS MADE ON THE CONSTITUTIONALITY AS WRITTEN ON ITS FACE, AND HOW DEFENDANTS ACTS, ACTIONS AS APPLIED VIOLATES THE CONSTITUTION OF THE UNITED STATES, ROBINSON'S RIGHTS

II.  JAMES ROBINSON PLAINTIFF MANDATES AND SHALL PLEAD VALID THAT EACH GOVERNMENT OFFICIAL DEFENDANT THROUGH EACH OFFICIALS OWN ACTIONS HAVE VIOLATED THE CONSTITUTION OF THE UNITED STATES, AND ROBINSON'S CIVIL RIGHTS.

DECLARATORY RELIEF FOR JUDGMENT

GOVERNOR KAY IVEY AND STEVE MARSHALL THE CONSTITUTION OF ALABAMA OF 1901 SEC. 42 AND 43 - ARTICLE III.

ARTICLE III OF THE ALABAMA CONSTITUTION OF 1901 CREATES THE FRAMEWORK FOR THE DIVISION OF POWERS BETWEEN THE STATE'S LEGISLATIVE EXECUTIVE, AND JUDICIAL BRANCHES. UNDER ALABAMA CONSTITUTION, AND UNITED STATES CONSTITUTION IT DEMANDS THAT THESE POWERS

AND RESPONSIBILITIES NEVER BE SHARED.

THE CONSTITUTION DEMANDS THAT GOVERNOR IVEY SHALL EXCUTE THE LAWS OF ALABAMA.

THE CONSTITUTION DEMANDS THAT STEVE MARSHALL ATTORNEY GENERAL OF THE EXECUTIVE BRANCH IS TO ENFORCE THE LEGISLATIVE LAWS OF ALABAMA. BOTH GOVERNOR IVEY AND STEVE MARSHALL MUST CARRY OUT AND ENFORCE LEGISLATIVE LAWS.

A CONTROVERSY JUSTICIABLE MUST BE DECIDED!

1. CODE OF ALA 1975 SEC. 12-17-184 IT IS THE DUTY OF EVERY DISTRICT ATTORNEY AND ASSISTANT DISTRICT ATTORNEY, WITHIN THE CIRCUIT, COUNTY, OR OTHER TERRITORY FOR WHICH HE OR SHE IS ELECTED OR APPOINTED:
(1) "TO ATTEND ON THE GRAND JURIES . . . . ."
(2) TO DRAW UP ALL INDICTMENTS AND TO PROSECUTE ALL INDICTABLE OFFENSES.

ROBINSON WAS INDICTED AND PROSECUTED ON CASE NUMBERS CC-1998-1222, CC-1998-1486, CC-1998-1626, CC-1998-1627, AND CC-1998-1628. THE DISTRICT ATTORNEY OF HOUSTON COUNTY, ALABAMA MADE AN OFFER AND THAT OFFER WAS ACCEPTED BY ROBINSON ENTERING A GUILTY PLEA, THE PLEA BARGAIN BECOMES BINDING AND ENFORCEABLE UNDER CONSTITUTIONAL LAW.

CODE OF ALA. 1975 SEC. 15-15-24(a) IF A DEFENDANT UPON ARRAIGNMENT OR PRIOR TO TRIAL PLEADS GUILTY THE COURT, WITHOUT THE INTERVENTION OF A JURY SHALL DETERMINE THE DEGREE OF THE OFFENSE AND FIX THE

PUNISHMENT THEREOF.

Ala. Code 1975 Sec. 36-13-9 GRANTS GOVERNOR IVEY POWER TO ISSUE EXECUTIVE ORDERS.

Ala. Code 1975 Sec 12-17-184(10) "THE GOVERNOR MAY APPOINT AND AUTHORIZE ANY DISTRICT ATTORNEYS AND ASSISTANT DISTRICT ATTORNEYS IN THE STATE OF ALABAMA TO SERVE AS SPECIAL PROSECUTOR..."

Ala. Code 1975 Sec 12-17-184 (10) THE ATTORNEY GENERAL AND GOVERNOR HAVE THE POWER OVER PROSECUTION

THE ISSUE UNDER ALABAMA CONSTITUTION 1901 ARTICLE III SEC(S) 42 AND 43. Do ALABAMA DEPARTMENT OF CORRECTIONS AND ATTORNEYS FOR ALABAMA DEPARTMENT OF CORRECTIONS HAVE THE POWER AND AUTHORITY TO EXERCISE CONTROL OVER THE EXECUTIVE BRANCH OF GOVERNMENT, WHEN ALA. CODE 1975 SEC. 14-1-1, AND 14-1-2 MANDATES THEY ARE ADMINISTRATIVE

THE ISSUE UNDER CODE OF ALA. 1975 SEC. 12-17-184(10) DID THE GOVERNOR OR ATTORNEY GENERAL APPOINT ALABAMA DEPARTMENT OF CORRECTIONS ATTORNEYS TO ACT AS SPECIAL PROSECUTORS IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA OVER STATE v. ROBINSON IN ANY GUILTY PLEA OR PRONOUNCEMENT OF SENTENCE FIXED BY THE COURT.

THE ISSUE UNDER CODE OF ALA. 1975 SEC 12-22-90 DID THE STATE OF ALABAMA BY ATTORNEY GENERAL OR DISTRICT ATTORNEY OF HOUSTON COUNTY, ALABAMA FILE AN APPEAL TO GRANTING OF WRIT OF HABEAS

4.

Corpus.

THE ISSUE UNDER CODE OF ALA. 1975 SEC 15-21-26 DO ALABAMA DEPARTMENT OF CORRECTION HAVE JURISDICTION TO EXERCISE POWER AND AUTHORITY OVER THE JUDICIAL, EXECUTIVE, AND LEGISLATIVE TO REIMPRISON ROBINSON AFTER DISCHARGE WAS ORDERS OF CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA DATED APRIL 06, 2018

THE ISSUE UNDER CODE OF ALA 1975 SEC. 15-15-24(3) THE CIRCUIT COURT JUDGE DETERMINED THE DEGREE OF THE OFFENSE AND FIXED THE PUNISHMENT. ROBINSON PURSUANT TO CODE OF ALA. 1975 SEC. 15-21-1 HAD A HEARING AND PRESENTED EVIDENCE THAT THE PUNISHMENT FIXED BY THE COURT HAD ENDED. THE STATE OF ALABAMA PURSUANT TO CODE OF ALA. 1975 SEC 12-17-184(2) THE DISTRICT ATTORNEY AGREED THAT THE PUNISHMENT FIXED BY THE COURT HAD ENDED.

IN THAT THE GOVERNOR NOR THE ATTORNEY GENERAL APPOINTED, NOR ANY AUTHORITY WAS ISSUED FOR ALABAMA DEPARTMENT OF CORRECTIONS TO SERVE AS THE PROSECUTOR, NOR ANY JURISDICTION EXIST AT ALL UNDER ALABAMA CONSTITUTION, NOR ALABAMA CRIMINAL STATUTE, TO ENTER ANY APPEARANCE TO UNLAWFUL CUSTODY BASED SOLELY ON THE STATE'S PLEA AGREEMENT AND THE PUNISHMENT FIXED BY THE COURT. ROBINSON'S WRIT OF HABEAS CORPUS GRANTED DISCHARGE, GIVING ROBINSON HIS LIBERTY OF FREEDOM.

HOW CAN THE GOVERNOR AND ATTORNEY GENERAL NOT ENFORCE THE EXECUTIVE BRANCH OF GOVERNMENT AS MANDATED BY STATUTE

5.

AND FORCE ALABAMA DEPARTMENT OF CORRECTIONS AND ATTORNEYS TO COMPLY WITH LEGISLATURE LAW.

DECLARATORY JUDGMENT UNDER THE ABOVE STATED FACTS; CONSTITUTION OF ALABAMA, AND ALL STATUTES PRESENTS A CONTROVERSY THAT IS JUSTICIABLE, AND ROBINSON HAVE VALID GROUNDS TO CLAIMS THAT MUST BE DECIDED, THEY ARE NOT HYPOTHETICAL, CONJECTURAL, NOR BASED ON POSSIBILITIES. ROBINSON'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED, AND THE ATTACK IS APPLIED ON THE VERY APPLICATION, AND TWISTING OF PLAIN WELL UNDERSTOOD LANGUAGE OF THE LAWS BY CONSTITUTION 1901 OF ALABAMA, AND ADOPTED STATUTES.

ROBINSON IS ENTITLED TO RELIEF TO HAVE ALL ISSUES SETTLED.

ROBINSON'S GUILTY PLEA, THE PRONOUNCEMENT OF SENTENCE, AND THE PUNISHMENT FIXED BY THE COURT. UNDER ALABAMA STATUTE OF LAW DO ATTORNEYS FOR ALABAMA DEPARTMENT OF CORRECTIONS HAVE JURISDICTION TO REPRESENT THE STATE OF ALABAMA FOR THE NEGOTIATED GUILTY PLEA, PURSUANT TO ALABAMA STATUTES OF LAW THE CONTROVERSY MUST BE DECIDED.

DEFENDANTS VIOLATED ROBINSON'S CIVIL RIGHTS, THE CONSTITUTION OF THE UNITED STATES

6.

CARRIE E. MCCOLLUM, GARY L. WILLFORD, AND AL BUTLER ARE ATTORNEYS WHO REPRESENT ALABAMA DEPARTMENT OF CORRECTIONS. EACH NAMED DEFENDANT ARE ASSIGN DUTIES BY THE ATTORNEY GENERAL TO REPRESENT THE ADMINISTRATIVE FUNCTIONS OF ADOC.

EACH NAMED DEFENDANT HAD FULL KNOWLEDGE THAT ON AND ABOUT DECEMBER 9 2017, THAT ALABAMA SUPREME COURT AND ALABAMA CRIMINAL COURT OF APPEAL ENTERED A WRITTEN ORDER FOR THE DENIAL OF ROBINSON'S WRIT OF HABEAS CORPUS FILED IN ESCAMBIA COUNTY CIRCUIT COURT. EACH NAMED DEFENDANT KNEW THAT ROBINSON'S RELIEF UNDER UNLAWFUL CUSTODY, HAD NOTHING TO DO WITH THE CALCULATION OF TIME UNDER ADOC, THE COURT'S ORDER UNDER WELL UNDERSTOOD PLAIN LANGUAGE, ROBINSON'S RELIEF WAS TO BE DECIDED IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA THE NEGOTIATED GUILTY PLEA, THE TIME TO WHICH JUDGE JACKSON FIXED THE PUNISHMENT FOR HAD EXPIRED.

DEFENDANTS HAVE VIOLATED ALABAMA WRITTEN STATUTE OF LAWS TO INTERVENE IN A WRIT OF HABEAS CORPUS FILED BY ROBINSON UNDER THE SOLE AUTHORITY AND JURISDICTION OF THE COURT WHO PRONOUNCES SENTENCE, AND FIXED THE PUNISHMENT AS TO HOW ROBINSON WAS TO SERVE SAID SENTENCES.

7.

EACH NAMED DEFENDANT DUTY IS TO COMPLY WITH THE SENTENCE TRANSCRIPT ORDERS, AND HAVE NO JURISDICTION AT ALL TO INVADE, AND TO INTERVENE WITH THE BINDING PLEA AGREEMENT.

ROBINSON'S CIVIL RIGHTS HAVE BEEN VIOLATED, ALL BECAUSE EACH NAMED DEFENDANT ACTED OUTSIDE OF THEIR JURISDICTION. EACH NAMED DEFENDANT HAD KNOWLEDGE THAT THE 15 YEARS OF THE 25 FIXED BY THE COURT WAS CONCURRENT IN FULL. EACH NAMED DEFENDANT KNOWINGLY, AND INTENTIONALLY VIOLATED ROBINSON'S CIVIL RIGHT TO DENY ROBINSON THE LIBERTY OF FREEDOM GRANTED BY JUDGE JACKSON AS PRONOUNCED, AND KNEW THAT ALABAMA CRIMINAL COURT OF APPEALS PRESIDING JUDGE WINDOM CLEARLY STATED THAT JURISDICTION OVER UNLAWFUL CUSTODY WAS TO BE DECIDED BY HOUSTON COUNTY, ALABAMA CIRCUIT COURT, THE DISTRICT ATTORNEY FOR THE STATE OF ALABAMA, SOLE AUTHORITY GIVEN BY STATUTE FOR DISTRICT ATTORNEY TO REPRESENT THE STATE OF ALABAMA.

EACH NAMED DEFENDANT AFTER ROBINSON FILED A 42 USC SEC 1983 IN THE MIDDLE DISTRICT OF ALABAMA CV-19-39; IT BEING OVER A YEAR AFTER ROBINSON'S DISCHARGE WAS GRANTED, AND STATE OF ALABAMA AGREEING THAT THE PUNISHMENT FIXED BY THE COURT

8.

HAS EXPIRED. EACH DEFENDANT KNEW THAT CODE OF ALA. 1975 SEC 12-22-90 GRANTS JURISDICTION ONLY TO THE STATE OF ALABAMA TO APPEAL THE GRANTING OF ROBINSON'S HABEAS CORPUS.

EACH NAMED DEFENDANT HAVE VIOLATED ROBINSON'S RIGHTS TO THE LIBERTY OF FREEDOM GRANTED, AND FAILED TO FOLLOW THEIR ASSIGN DUTIES TO COMPLY WITH THE STATUTE OF LAW THAT DEMANDS TO FOLLOW THE CONVICTION REPORT. EACH NAMED DEFENDANT HAVE USED THE OFFICE OF THE ATTORNEY GENERAL TO DECEIVE STATE COURT, FEDERAL COURT, AND TO INFLICT CRUEL AND UNUSAL PUNISHMENT AGAINST ROBINSON, TO MAKE ROBINSON A SLAVE UNDER ILLEGAL UNLAWFUL IMPRISONMENT.

ROBINSON HAVE A CLAIM THAT DEMANDS RELIEF:

1. DEFENDANTS KNEW UNDER ALABAMA LAW THAT THEY HAD NO SUBJECT MATTER JURISDICTION TO INTERVENE, AFTER THE EXPIRATION OF 30 DAYS THE DISCHARGE OF ROBINSON WAS FINAL DATED APRIL 06, 2018

2. DEFENDANTS HAD FULL KNOWLEDGE OF PRESIDING JUDGE WINDOM'S ORDERS THAT THE JURISDICTION OF ROBINSON'S UNLAWFUL CUSTODY WAS UNDER THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA - THE DISTRICT ATTORNEY, CIRCUIT COURT JUDGE, AND ROBINSON ONLY.

3. Each Defendant acted in bad faith, maliciously, and under the color of state law to scheme, plot, and carry out evil plans with sole intent to deny Robinson the liberty of freedom granted to Robinson by the Constitution of Alabama and the United States.

Defendants J. Dunn, A. Tilly, C. Craddock, A. Black, and L. Head had full knowledge that Robinson's time as fixed by the court had expired.

Each named Defendant acted in full harmony to violate Robinson's protected rights for the liberty of freedom granted.

C. Craddock as former Attorney General, former District Attorney, and former Circuit Court Judge knew that ADOC Attorneys, Dunn, Black, Tilly, and Head had no legal jurisdiction to violate Robinson's Constitutional Rights. It was known to Craddock that Code of Ala. 1975 Sec 15-21-1 is for the sole purpose of unlawful imprisonment, he knew that after the expiration of 30 days Alabama Supreme Court law demands that all jurisdiction is lost. Craddock owed Robinson a duty under the executive authority of Alabama Parole Board to comply with the Court's order and

10.

TO ENTER THE ORDERS FOR PAROLE BOARD OF ALABAMA TO COMPLY WITH ALABAMA WRITTEN STATUTE OF LAWS, THAT ROBENSON'S SENTENCES EXPIRED, AND THE PLEA AGREEMENT, AND ALL MATTERS OF HOW THE SENTENCES ARE TO BE SERVED WERE DECIDED, AND ROBENSON HAVE NO PAROLE TIME, NOR ANYTIME OWED TO ADOC.

DEFENDANT A. BLACK TWICE HAVE ENTERED A ORDER REQUESTING A FUGITIVE WARRANT, HAVING FULL KNOWLEDGE THAT CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA GRANTED THE DISCHARGE OF ROBENSON.

EACH AND EVERY NAMED DEFENDANT HAVE ACTED UNDER THE COLOR OF STATE LAW TO VIOLATE ROBENSON'S CIVIL RIGHTS, TO VIOLATE THE LIBERTY OF FREEDOM GRANTED. EACH HAVE FULL KNOWLEDGE THAT CODE OF ALA. 1975 SEC. 15-21-26 DEMANDS THAT ROBENSON CAN'T BE RESURRECTION AFTER THE DISCHARGE BY WRIT OF HABEAS CORPUS.

RELIEF OWED.

1. ROBENSON SEEKS THE FULL DECLARATION OF THE RIGHTS OWED AS WRITTEN BY ALABAMA CONSTITUTION, AND ALABAMA WRITTEN STATUTES OF LAWS

2. THAT EACH NAMED DEFENDANT MUST ANSWER TO THEIR ACTIONS TO VIOLATE ROBENSON'S CIVIL RIGHTS

11.

THAT EACH GOVERNMENT OFFICIAL DEFENDANT THROUGH THEIR OWN ACTIONS HAVE VIOLATED THE CONSTITUTION 4TH, 8TH, 13TH, AND 14TH AMENDMENTS. EACH HAVING KNOWLEDGE AND INTENT THAT ROBINSON IS FREE, AND THERE'S NO PENDING PROSECUTION, THAT UNDER EACH STATUTE OF ALABAMA LAW AS APPLIED GRANTS ROBINSON FULL FREEDOM.

3. THIS COURT TO SERVE EACH NAMED DEFENDANT AND EACH INDIVIDUALLY MUST ANSWER TO ROBINSON.

4. ROBINSON SEEN FULL DECLARATORY RELIEF THAT THE CONTROVERSY MUST BE DECIDED UNDER ALABAMA CONSTITUTION, AND CODE OF ALABAMA WRITTEN STATUTES.

5. ROBINSON SEEKS ALL RIGHTS AS EXPRESSED UNDER 42 USC SEC. 1983

6. TO ANY AND ALL RELIEF THAT ROBINSON IS ENTITLED TO UNDER THE CONSTITUTION OF THE UNITED STATES.

RESPECTFULLY
*James Robinson*
JAMES ROBINSON
20 MCGEE ST.
GREENVILLE SC. 296d
NOVEMBER 16, 2019

DEFENDANTS ADDRESS FOR SERVICE

1. Governor Kay Ivey 600 Dexter Ave Montgomery, AL. 36104
2. Steve Marshall 501 Washington Ave Montgomery, AL. 36104
3. Carrie Ellis McCollum - 301 South Ripley St. Montgomery, AL. 36104
4. Cary L. Wilcford - same as above
5. AL. Butler - same as above
6. Jefferson S. Dunn - same as above
7. Alcornella Isrly - same as above
8. Charles Craddock - same as above
9. Lynn Head - same as above
10. A. Black - Houston County Parole Office N. Oates St. Dothan, AL. 36301

RECEIVED 2019 NOV 22 A 11:15 DEBRA P. HACKETT CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

James Robinson

CLERK

I need two forma pauperis application for 42 USC Sec. 1983

LEGAL MAIL
POSTAGE REQUESTED

[From:]
10th Circuit Public Defender
Greenville County Courthouse
305 E. North Street, Suite 123
Greenville, SC 29601

20 McBee St.
Greenville, S.C. 29601

Greenville P&DC 296
WED 20 NOV 2019 PM

To: Office of Clerk
Federal Courthouse
One Church St.
Montgomery, AL 36...