IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ROBINSON, AIS #121865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-922-WKW-CSC |
| ) | |
| KAY IVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by James L. Robinson ("Robinson"), a former state inmate, who was arrested for a parole violation on January 5, 2019.  He asks this court to declare that the Defendants, acting through the Alabama Department of Corrections, were without authority to reimprison him following his discharge from prison by an Order of the Circuit Court of Houston County, Alabama dated April 6, 2018.  (Doc. 1 at p. 5).  He also seeks monetary damages. (Doc. 1 at p. 1). He named as Defendants Charles Graddick, Former Director of Alabama Bureau of Pardons and Paroles; Angelica Black, parole officer with the Alabama Board of Pardons and Paroles; Lyn Head, Former Chairman of the Alabama Board of Pardons and Paroles[1]; Governor Kay Ivey; Attorney General Steve Marshall; the Alabama Department of Corrections ("ADOC"); ADOC Commissioner Jefferson Dunn; ADOC Director of

---

[1] These Defendants have been dismissed upon Plaintiff's Motion (Doc. 24) and by Order of this court. (Doc. 44).

Central Records, Alcornelia Terry; ADOC General Counsel, Carrie Ellis McCollum; and ADOC Assistant General Counsel Gary Lee, Willford, Jr..[2] (Doc. 1 at p.1).

Previously, Plaintiff filed an action in this court claiming that his arrest was unlawful because the Defendants had "full knowledge that Robinson received full discharge from Alabama prison by judicial order of court dated April 6, 2018 . . . [which was served on] [a]ll Defendants . . . on May 23, 2018." *See Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, Doc. 130 at p. 1. Based on this allegation, he brought claims for false arrest, violation of his due process rights and conspiracy. *Id.* Additionally, he alleged retaliation based on the filing of his prior action and racial discrimination based on the Defendants' efforts to have the April 6, 2018 order overturned. *Id.* He named as Defendants Jefferson Dunn, Commissioner of the ADOC; Alcornelia Terry, Director of Central Records at the ADOC; and Angelica Black, a parole officer with Alabama Board of Pardon's and Parole to whom Robinson's supervision was assigned. *Id*. at p. 2. The Court concluded there was no merit to any of these claims and dismissed this prior action with prejudice on January 11, 2022. *See Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, at Docs. 130, 132 and 133.

In the instant action, the Defendants filed answers, special reports, and supporting evidentiary materials addressing Robinson's claims for relief. In these documents, the Defendants deny violating Robinson's constitutional rights and argue that this action is due to be dismissed on several grounds, including res judicata. (Docs. 25 and 40).

After the Defendants filed their special report, the court issued an order directing Robinson to file a response to the arguments set forth by the Defendants in the report and

---

[2] He also named as a Defendant former ADOC attorney, Al Butler, who is deceased.

advising him that his response should be supported by affidavits or statements made under penalty of perjury and other appropriate evidentiary materials. Doc. 41 at pp. 1-2. The order specifically advised the parties that "at some time in the future the court will treat the defendants' report . . . as a dispositive motion[.]" *Id*. In addition, the order specifically cautioned the parties that "<u>unless within fifteen (15) days from the date of this order a party files a pleading which presents sufficient legal cause why such action should not be undertaken</u> . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 41 at p. 3. (Emphasis in original). Thereafter, Robinson filed responses to this Order. Docs. 42 and 43.

Pursuant to the directives of the orders entered in this case, the court deems it appropriate to treat the Defendants' reports as a motion for summary judgment. Upon consideration of the Defendants' motion for summary judgment, the evidentiary materials filed in support thereof, and the sworn complaint, the court concludes that summary judgment is due to be granted in favor of the Defendants.

## II. FACTS

The court takes judicial notice of the facts as alleged by Plaintiff in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA. Those facts are restated below for convenience as follows:

The Plaintiff brings this 1983 action based on an order from the Houston County Circuit Court which was issued on April 6, 2018 in the matter of *Tommy Lee Bell and*

3

*James Robinson, v. Houston County Judicial System and the State of Alabama,* 38-CV-2017-000101.000, and states, in its entirety, as follows:

> The matter before the Court is James Lynwood Robinson's Petition which after extensive review this Court has concluded is in the form of a Habeas Corpus petition and has treated it accordingly, and the Court having considered the matter and heard from both the Petitioner, represented by counsel, and the State of Alabama, represented by the District Attorney, and the Court being aware of all the attendant circumstances, most specifically being the prior Order issued by the Honorable Judge Lawson Little in 2010 granting the Petitioner's motion and fixing his sentences to time served and the State of Alabama agreeing that Petitioner has completed all of his sentences or otherwise reached the End of Sentence in each one which was imposed in 1999 or earlier, is of the opinion that the relief requested should be granted;
>
> It is therefore,
>
> ORDERED, ADJUDGED AND DECREED:
>
> 1. That James Lynwood Robinson is due to be discharged from custody as he has served his time as reflected in the prior Order from January 2010 on all cases and respective sentences for which he is now serving from 1999 and before including but not limited to CC-1988-026, CC-1986-825, CC-1988-125, CC-1998-1222, CC-1998-1628, CC-1998-1468, CC-1998-1626 and CC-1998-1627;
> 2. That James Lynwood Robinson's discharge for the aforementioned sentences is to be back dated to reflect January 11, 2010 as his discharge date for said sentences and any remaining sentences he is currently serving shall be re-calculated accordingly;
> 3. That this Court, the State of Alabama through its District Attorney and the Petitioner all agree that Petitioner should be paroled if after re-calculating his remaining sentence in CC-2005-33, an Unlawful Possession of a Controlled Substance charge for which he received a 15-year sentence, there should be any time remaining after calculating any good time incentive time.
>
> Done this 6th day of April, 2018.
>
> /s/ Larry K Anderson  
> CIRCUIT JUDGE

Doc. 90-7. Robinson failed to name the Alabama Department of Corrections or any person associated with the ADOC in this Houston County case. However, the case action

summary shows that a copy of this Order was mailed to the ADOC on May 16, 2018. Doc. 90-3 at p. 8.[3]

Robinson was paroled on April 20, 2018. Doc. 90-1 at p. 3. The parole certificate which he signed demonstrates that he was paroled on the five 1998 cases listed in the April 6, 2018 Order. Doc. 90-1 at pp. 38-40. During his parole, Plaintiff was supervised by Defendant Angelica Black, and as required he reported to the parole office on May 9, 2018. Doc. 90-23 at p. 1. Beginning in August 2018, however, Robinson failed to report to the parole office for eight consecutive weeks. Doc. 90-23 at p. 2. On October 30, 2018, Robinson was declared delinquent by the Alabama Board of Pardons & Paroles and he was recaptured on January 5, 2019. *Id.* After a parole board hearing, he was found guilty and placed in Houston County Jail. Docs. 90-23 at p. 2 and 90-10 at p.1.

On January 10, 2019, Robinson filed a motion with the Houston County Circuit Court requesting that it issue an order for his release and serve it upon the ADOC and the Houston County Jail. Doc. 90-9. The Plaintiff did not serve this motion on the ADOC or seek to add the ADOC as a party. *Id.* The Plaintiff filed the complaint in the instant action the next day. Doc. 1. On January 16, 2019, the Plaintiff filed another motion with the state trial court seeking clarification of the April 6, 2018 order. Doc. 90-10. In this motion, he accused the ADOC of trying to undermine the trial court's April 6, 2018 Order, but again failed to serve the ADOC or join it as a party. *Id.* After Robinson filed additional motions with the state trial court and the court set the matter for hearing, the court entered an order on March 19, 2019, stating it had done all it could based upon the evidence before the court. Doc. 90-12. On March 26, 2019, the Alabama Supreme Court dismissed an appeal filed by Robinson from the Houston County Circuit Court: CV-17-101 for his failure to prosecute and to follow appellate rules. Doc. 90-13.

The ADOC Defendants were served in the instant action beginning on March 26, 2019. Doc. 24. Thereafter, the ADOC Defendants filed a motion for extension of time to file special reports in this court for the purpose of intervening in the Houston County Circuit Court proceeding. Doc. 27. This court granted that motion. Doc. 29.

The ADOC filed a motion to intervene in the Houston County Circuit Court case on April 19, 2019. Doc. 90-14. In its motion, the ADOC stated that complete relief could not be granted without its presence as a party defendant because under Alabama law it had the sole authority to determine an inmate's end of sentence date. *Id.* at p. 3. The ADOC further stated that if allowed to intervene, it would ask the state trial court to vacate the April 6, 2018 Order. *Id.* at p. 4. The trial court granted this motion to intervene. Doc. 90-15.

Thereafter, the ADOC filed a motion asking the trial court to set aside the April 6, 2018 Order or to grant it relief from that Order. Doc. 90-16. Judge Anderson held a hearing on the ADOC's Motion on June 4, 2019. Doc. 90-17 at p. 1. As evidence that Robinson had not completed the sentences on his 1998 cases, the ADOC proffered by affidavit and live testimony, calculations by Defendant Alcornelia Terry, the Director of Central Records with ADOC, demonstrating that Robinson had not completed the sentences on his 1998 cases. Docs. 90-16 at pp. 5-6, 90-17 at pp. 3-4. Furthermore, the

---

[3] Also, the Plaintiff filed a request with the Houston County Circuit Court on May 18, 2019 for a copy of the April 6, 2018 order to be sent to the ADOC. Docs. 90-8, 90-3 at p.9.


ADOC argued that Robinson had deliberately failed to include it in the Houston County action for the purpose of preventing the ADOC from challenging Robinson's misrepresentations to the Houston County court about the alleged completion of this 1998 sentences. Doc. 90-16 at pp. 5-6. The ADOC presented evidence that in other similar state court actions Robinson had named ADOC as a party. *Id.* Robinson was in South Carolina and did not attend the hearing, nor did he present any evidence to refute Defendant Terry's calculations and testimony. Doc. 17 at p. 1.

On June 17, 2019, the Houston County Circuit Court issued an Order and Final Judgment concluding, among other things, that Robinson's failure to name the ADOC as a party and his refusal to explain this failure, justified adding the ADOC as a party and modifying its prior order of April 6, 2018. Doc. 90-17 at p. 2. Furthermore, Judge Anderson rejected the Plaintiff's argument that the trial court lost jurisdiction 30 days after April 6, 2018. He reasoned that this Order on its face was not a final judgment since it left work to be done by the ADOC to recalculate Robinson's remaining sentences which was impossible to do without an amended transcript of the 1998 cases being prepared and sent to the ADOC. This was never done. Furthermore, the April 6, 2018 Order left open resolution as to Co-Plaintiff Bell's claims. Finally, no party moved for certification of this order as a final judgment under ARCP 54(b), and the court did not use the final judgment language of that Rule in the April 6, 2018 Order. Doc. 90-17 at p. 3.

Importantly, Judge Anderson found in the ADOC's favor on the issue of whether Robinson had completely served his 1998 sentences. Doc. 90-17 at p. 4. On the basis of Defendant Terry's testimony and numerous documents submitted to the court including Robinson's conviction transcripts, court orders, certificates of parole and declarations of delinquency, Judge Anderson concluded that Robinson had not completely served his 1998 sentences. Furthermore, citing the Alabama Court of Criminal Appeals' decision in *Perkins v. State,* 10 So. 3d 617, 618 (2007)[4], Judge Anderson found that Robinson's correct end of sentence date was February 26, 2026. Doc. 90-17 at p. 4.

Following the June 17, 2019 Final Order and Judgment, Robinson filed a Petition for Writ of Mandamus with the Alabama Court of Criminal Appeals. Doc. 90-3 at p. 15. The Alabama Court of Criminal Appeals denied this petition as untimely, Doc. 90-18, and denied Robinson's request for a rehearing. Doc. 90-19. The Plaintiff's subsequent petition to the Alabama Supreme Court was also denied. Doc. 90-20. Thus, the April 6, 2018 Order, which forms the basis of Robinson's false arrest and due process claims in his complaint, Doc. 20, has been vacated and the order vacating it has been upheld by the Alabama Supreme Court. Docs. 90-19 and 90-20.

Angelica Black, Plaintiff's parole officer, testified that he reported to the parole office on April 5, 2019, but failed to report during May, June and July as required by his parole conditions. Doc. 90-23 at p. 2. She learned in July, that the Plaintiff was in South Carolina and had left the state without her permission, in further violation of his parole conditions. On July 23, 2019, the parole board declared him delinquent and a warrant was issued for his arrest. *Id.* Robinson was arrested in September 2019 in Greenville,

---

[4] In *Perkins*, the Court held, "[w]e assume DOC's calculations are correct, unless there is some proof to the contrary."

South Carolina on unrelated charges of drug possession and tampering with evidence. Docs. 90-21; 90-23 at p. 3. The Alabama parole violation warrant was executed on September 19, 2019 after the arrest on new charges in South Carolina. Doc. 90-23 at p. 3. None of the named Defendants had any involvement in Robinson's arrest by the Greenville, South Carolina authorities. Docs. 90-24 at p. 2; 90-23 at p. 3; 90-2 at pp. 3-4. Robinson was returned to Alabama from South Carolina and where he was found guilty of another parole violation and given a 45-day dunk. Doc. 90-23 at p. 3. All of the Defendants deny that they caused the Plaintiff to be unlawfully arrested, denied him due process, discriminated against him on account of his race, retaliated against him, or conspired to violate the Plaintiff's civil rights. Docs. 90-24 at pp. 1-2; 90-23 at pp. 3-4; 90-2 at pp. 3-4.

*See Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, (Doc. 130 at pp. 3-8).

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. . . . [A dispute] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and alerting the court to portions of the record that support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, once the movant has satisfied this burden, the nonmovant is similarly required to cite portions of the record showing the existence of a material factual dispute. *Id.* at 324. To avoid summary judgment, the nonmovant "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In determining whether a genuine dispute for trial exists, the court must view all the evidence in the light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525. Thus, a plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case. Here, after a thorough and exhaustive review of all the evidence which would be admissible at trial, the court finds that Robinson has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendant. *See Matsushita*, 475 U.S. at 587.

### IV. DISCUSSION

The doctrine of res judicata bars the instant action because the claims for relief brought in this action have been previously addressed and dismissed with prejudice by judgment and final order in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, Docs. 132 and 133. The doctrine of res judicata "bars claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.,* 193 F. 3d 1235, 1238 (11th Cir. 1999). For res judicata to bar a subsequent case, four elements must be

present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* The first three elements are easily met.

Indeed, there has been a final judgment on the merits by this court which was premised upon a final judgment on the merits by the Houston County Circuit Court. *See Robinson v. Hamm,* 1:19-cv-39-WKW-JTA (Docs. 130, 132 and 133). Robinson is the Plaintiff in this instant action, and he was the Plaintiff in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA and in *Bell* in Houston County Circuit Court. While the Defendants are not the all the same, Jefferson Dunn and Alcornelia Terry, who are the Defendants in the instant action, were also Defendants in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA.[5] Furthermore, the other Defendants in the instant action are either senior officials with the State, who Plaintiff alleges were responsible for actions of the ADOC, or they are charged with carrying out the terms of Plaintiff's parole on the 1998 sentences. Thus, the court concludes that all the Defendants in the instant action are sufficiently in privity with the ADOC, the intervenor in the *Bell* case, and those Defendants in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA.

With respect to the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact or is based upon the same factual predicate." *Id.* at 1239. "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal

---

[5] The court also notes that Angelica Black, who was originally a party to this action but was later dismissed, (Doc. 44), was also a Defendant in the prior action.

theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1356 (11th Cir. 1998) (Quotation omitted). Indeed, Plaintiff's claims in the instant case and his claims in *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, and the *Bell* case arise under the same facts involving the determination that his 1998 sentences were ordered to be coterminous and that he had not completed serving them as of April 6, 2018. Indeed, the Magistrate Judge previously dismissed Plaintiff's claims with prejudice primarily on the basis of the state court's conclusion that Plaintiff had not completed serving his state sentences on April 6, 2018. *Robinson v. Hamm,* 1:19-cv-39-WKW-JTA, Doc. 130 at pp. 14-15. Accordingly, the court concludes that the doctrine of res judicata bars the consideration of the Plaintiff's claims in the instant action and requires dismissal of this action.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion for summary judgment (Doc. 40) be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be dismissed with prejudice.

4. Costs be taxed against the Plaintiff.

On or before **February 8, 2023** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of January, 2023.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE